Robert E. WALL, Appellant,

v.

Hughes P. WALMSLEY, Trustee of the River Queen Corporation, Bankrupt, et al., Appellees.

No. 19972.

United States Court of Appeals Fifth Circuit.

Jan. 9, 1964.

---

2.  26 U.S.C. § 7607.

low established a vendor's lien in favor of appellant under LSA–C.C. Art. 3227.[1]

The appellant Wall, promoter and president of the bankrupt company, purchased the River Queen on July 7, 1960 in Florida from the Sternwheeler Corporation. The purchase price was $92,000.00, of which appellant paid $66,600.00, having obtained the cash from certain subscribers to the corporation then being formed (now the Bankrupt). The remaining $25,400.00 was secured by a personal note from the appellant. The River Queen Corporation was subsequently formed and appellant resold the boat to the Corporation for use as a permanently docked pleasure house, the operating machinery having been removed. The deed to the Corporation next cited the consideration as $10.00 plus "other valuable considerations," which appellant claims were the assumption of the $25,-400.00 debt of Wall to Sternwheeler. The Corporation paid $9,000.00 of this debt before it went into bankruptcy.

The Corporation filed a bankruptcy petition on May 29, 1961. July 27, 1961, the appellant filed a claim for $16,500.00 as a secured creditor. The referee denied appellant's request for recognition as a secured creditor. This order was reviewed by the district court and affirmed.

Appellant bases his plea for a vendor's lien on LSA–C.C. Art. 3227 and the argument that the lien for an unpaid portion of the purchase price need not be specifically reserved. De L'Isle v. Succession of Moss, 34 La.Ann. 164 (1882). Appellant argued he was not acting for the Corporation in purchasing the boat, for the obvious reason that it was not yet in existence.

Ralph D. Dwyer, Jr., New Orleans, La., for appellant.

P. M. Flanagan, Joseph McCloskey, New Orleans, La., for appellees.

Neal D. Hobson, New Orleans, La., Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., of counsel, for American Marine Corp.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

PER CURIAM:

The question presented by this appeal is whether the facts before the court be-

■■ The appellee argued that the appellant was not actually a vendor, but a mere conduit for the subscriber, it being entirely their money he was using, not his own. Appellee contended that §

1. "He who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser.

"So that although the vendor may have taken a note, bond or other acknowledgment from the buyer, he still enjoys the privilege. * * *"

·67, sub. c(2) of the Bankruptcy Act invalidates all liens specially created by state statutes with certain exceptions under which the present lien does not come. Appellee further argues that LSA–C.C. Art. 3237 prescribes the rights which appellant claims to be applicable after a period of six months, thus removing this case from the purview of Art. 3227.

After a thorough analysis of the testimony before the referee, it is obvious that the findings of facts are correct and against the position of Wall, the appellant. It is clear that the purpose of the entire deal by Wall was, and his present effort is, to bail out the seller of the boat, Sternwheeler Corporation. Having carefully considered the findings of the referee and the trial judge, it is our opinion that they are not clearly erroneous.

Affirmed.